IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRANDON NEIL LONG,**

    **Plaintiff,**

    v.                                  CASE NO. 17-3106-SAC

**(FNU) GREENE, and SEDGWICK
COUNTY DETENTION FACILITY,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On November 3, 2017, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until December 1, 2017, to show cause why his Complaint should not be dismissed for the reasons stated in the MOSC. This matter is before the Court on Plaintiff Response (Doc. 7) filed on December 1, 2017.

Plaintiff's response asks the Court to appoint counsel and to give Plaintiff additional time to respond to the MOSC. The Court will grant Plaintiff's request for additional time to respond to the MOSC. Plaintiff is granted until January 5, 2018, in which to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated in the MOSC at Doc. 6.

Plaintiff has also requested appointment of counsel. Plaintiff alleges that he was previously incompetent, but has now regained competency. Plaintiff attaches the docket sheet from his state court case, showing he was declared competent on May 2, 2017, prior to filing the instant case. *See* Doc. 7, at 8.

1

The Court has considered Plaintiff's request for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the request without prejudice to refiling a motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's request for appointment of counsel (Doc. 7) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's request for an extension of time (Doc. 7) is **granted**. Plaintiff is granted until **January 5, 2018**, in which to show good cause, in writing,

to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated in the Court's MOSC at Doc. 6.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 5th day of December, 2017.**

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge