## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRANDON NEIL LONG,**

    **Plaintiff,**

    v.                                          **CASE NO.  17-3106-SAC**

**(FNU) GREENE, and SEDGWICK**
**COUNTY DETENTION FACILITY,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  At the time of filing, Plaintiff was incarcerated at the Sedgwick County Jail in Wichita, Kansas.  Plaintiff alleges in his Complaint that on August 26, 2014, Defendant Greene, a detective, used excessive force when questioning Plaintiff in the sally port about a battery committed by another inmate.  Defendant Greene told Plaintiff that he was "pissing him off" and "to cuff up."  Greene did not have handcuffs and before Plaintiff could comply with the request, Greene slammed Plaintiff face-first onto the floor.  Plaintiff returned to the clinic five days later to have stitches removed.  One stitch was left in and Plaintiff had to return to the clinic again to have that stitch removed.  Plaintiff names Detective Greene and the Sedgwick County Detention Facility as defendants, and seeks $100,000 in damages.

On November 3, 2017, the Court entered a Memorandum and Order to Show Cause ("MOSC") (Doc. 6), giving Plaintiff until December 1, 2017, to show cause why his case should not be dismissed for the reasons set forth in the MOSC.  The Court granted Plaintiff an extension of time to January 5, 2018, in which to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC at Doc. 6.  (Doc. 8.)  The Court's Order at Doc. 8

granting an extension of time was mailed to Plaintiff's current address of record and was returned to sender with a notation that Plaintiff is no longer in custody. (Doc. 9.) Plaintiff has failed to respond to the MOSC and has failed to provide the Court with a current address of record. The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone numbers. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3).

In the MOSC, the Court found that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on June 28, 2017, his alleged incident of excessive force occurred on August 26, 2014, and his medical care claim occurred five days later. The Court also found that this action is subject to dismissal as against Defendant Sedgwick County Detention Facility, because prison and jail facilities are not a "person" subject to suit for money damages under § 1983. The Court also found that Plaintiff's medical claim is subject to dismissal for failure to allege a constitutional violation. The Eighth Amendment prohibits "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, a claim of medical malpractice lacks constitutional significance, and instead is a tort claim that must be pursued in the state courts. *See id*. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Plaintiff's allegations reflect at most negligence. Although Plaintiff fails to identify any named defendant regarding his medical claim, his allegations reflect that he received medical care for his injury and to remove the overlooked suture. Plaintiff has failed to state a claim of deliberate indifference to his medical needs.

The Court's MOSC required Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated therein. Plaintiff has failed to address the deficiencies. The Court finds that this case should be dismissed due to the deficiencies set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 10th day of January, 2018.**

<u>**S/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**